IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH D. HILL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CIV-05-401-C |
| | ) | |
| CITY OF MIDWEST CITY and | ) | |
| BRANDON CLABES, Chief of Police, | ) | |
| | ) | |
| Defendants | ) | |

O R D E R

This action brought under the authority of 42 U.S.C. § 1983 is brought by a state

prisoner, appearing pro se and in forma pauperis, against the City of Midwest City and

Brandon Clabes.  Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United

States Magistrate Judge Gary M. Purcell for initial proceedings.  Judge Purcell issued orders

granting in forma pauperis filing but requiring partial payment, see 28 U.S.C. § 1915(b)(1),

ordering a Special Report, and denying several preliminary motions filed by Plaintiff.  A

partial filing fee of $4.00 has been paid.  Subsequently, Judge Purcell discovered that on four

occasions prior to the initiation of this suit, Plaintiff had been sanctioned for the filing of

§ 1983 actions dismissed as frivolous, malicious, or for failure to state a claim, sufficient to

constitute a strike under 28 U.S.C. § 1915(g).  Consequently, in a Report and

Recommendation entered June 21, 2005, Judge Purcell vacated his Order Granting Leave to

Proceed in Forma Pauperis and the Order requiring payment of filing fee and further directed

the Clerk of Court to revoke the summonses previously issued.  Plaintiff has objected to this

Report and Recommendation, and the Court therefore considers the matter de novo.

Plaintiff does not dispute that he has four strikes as described in 28 U.S.C. § 1915(g). Rather, Plaintiff argues that because he was initially permitted to proceed, it would be inequitable and a violation of due process to now dismiss the proceedings.  However, none of the authorities cited by Plaintiff support his position.   Indeed, Plaintiff has failed to provide even one citation to rule or case law which supports the proposition for which it is cited.  For example, Plaintiff argues that there is a time limit for the application of § 1915(g) and other exceptions to its reach; however, Plaintiff offers no factual or legal underpinning for this argument.  The Court's research has failed to locate any support for this argument. Rather, the language of 28 U.S.C. § 1915(g) is clear and absolute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As noted by Judge Purcell, the only exception to § 1915(g) requires Plaintiff to allege he is under imminent danger of serious physical injury.  Nowhere in Plaintiff's Complaint is such an allegation raised.  To the contrary, the Complaint is based solely on an alleged improper arrest and the circumstances surrounding that arrest.  Those events took place some four months prior to the filing of the Complaint.  Such a time lapse forecloses any suggestion of "imminent danger."  See Cosby v. Gray, 124 Fed.Appx. 595, 59697 (10th Cir. 2005) ("We

agree with the district court that the passage of four months from the time of the alleged injury and the filing of the complaint belies any danger.")[*]

In a pleading filed July 6, 2005, captioned "In the Matter of 'Addendum' to Petitioner [sic] Objection to Report & Recommendation on Civil Rights Complaint," Plaintiff attempts to make a case for an exception based on imminent danger of serious physical injury; however, the facts asserted in that document have no relation to the allegations of this Complaint. Therefore, those allegations cannot serve as a basis to satisfy the requirements of § 1915(g).

In short, Plaintiff makes no argument of fact or law which would require or permit a conclusion contrary to that recommended by Judge Purcell.

The Report and Recommendation of the Magistrate Judge is adopted, in its entirety, and Plaintiff is granted until July 25, 2005, within which to submit the remainder of the filing fee - $251.00 - failing which this case will be dismissed.

IT IS SO ORDERED this 15th day of July, 2005.

ROBIN J. CAUTHRON
United States District Judge

---

[*] Unpublished decision cited for persuasive value. See 10th Cir. Rule 36.3.